UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN MATEO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>    Defendants. | Case No. 17-cv-04929-VC<br><br><br><br>Re: Dkt. No. 144 |
| CITY OF IMPERIAL BEACH,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>    Defendants. | Case No. 17-cv-04934-VC<br><br><br><br>Re: Dkt. No. 140 |
| COUNTY OF MARIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>    Defendants. | Case No. 17-cv-04935-VC<br><br>**ORDER GRANTING MOTIONS TO REMAND**<br><br>Re: Dkt. No. 140 |

The plaintiffs' motions to remand are granted.

1. Removal based on federal common law was not warranted. In *American Electric Power Co., Inc. v. Connecticut*, the Supreme Court held that the Clean Air Act displaces federal common law claims that seek the abatement of greenhouse gas emissions. 564 U.S. 410, 424 (2011). Far from holding (as the defendants bravely assert) that state law claims relating to

global warming are superseded by federal common law, the Supreme Court noted that the question of whether such state law claims survived would depend on whether they are preempted by the federal statute that had displaced federal common law (a question the Court did not resolve). *Id.* at 429.  This seems to reflect the Court's view that once federal common law is displaced by a federal statute, there is no longer a possibility that state law claims could be superseded by the previously-operative federal common law.

Applying *American Electric Power*, the Ninth Circuit concluded in *Native Village of Kivalina v. ExxonMobil Corp.* that federal common law is displaced by the Clean Air Act not only when plaintiffs seek injunctive relief to curb emissions but also when they seek damages for a defendant's contribution to global warming.  696 F.3d 849, 857-58 (9th Cir. 2012).  The plaintiffs in the current cases are seeking similar relief based on similar conduct, which means that federal common law does not govern their claims.  In this respect, the Court disagrees with *People of the State of California v. BP P.L.C.*, Nos. C 17-06011 WHA, C 17-06012 WHA (N.D. Cal. Feb. 27, 2018), which concluded that San Francisco and Oakland's current lawsuits are materially different from *Kivalina* such that federal common law could play a role in the current lawsuits brought by the localities even while it could not in *Kivalina*.  Like the localities in the current cases, the *Kivalina* plaintiffs sought damages resulting from rising sea levels and land erosion.  Not coincidentally, there is significant overlap between the defendants in *Kivalina* and the defendants in the current cases.  696 F.3d at 853-54 & n.1.  The description of the claims asserted was also nearly identical in *Kivalina* and the current cases: that the defendants' contributions to greenhouse gas emissions constituted "a substantial and unreasonable interference with public rights." *Id.* at 854.  Given these facts, *Kivalina* stands for the proposition that federal common law is not just displaced when it comes to claims against domestic sources of emissions but also when it comes to claims against energy producers' contributions to global warming and rising sea levels. *Id.* at 854-58.  Put another way, *American Electric Power* did not confine its holding about the displacement of federal common law to particular sources of emissions, and *Kivalina* did not apply *American Electric Power* in such a

limited way.

Because federal common law does not govern the plaintiffs' claims, it also does not preclude them from asserting the state law claims in these lawsuits. Simply put, these cases should not have been removed to federal court on the basis of federal common law that no longer exists.

2. Nor was removal warranted under the doctrine of complete preemption. State law claims are often preempted by federal law, but preemption alone seldom justifies removing a case from state court to federal court. Usually, state courts are left to decide whether state law claims are preempted by federal law under principles of "express preemption," "conflict preemption" or "field preemption." And state courts are entirely capable of adjudicating that sort of question. *See, e.g.*, *Smith v. Wells Fargo Bank, N.A.*, 38 Cal. Rptr. 3d 653, 665-73 (Cal. Ct. App. 2005), *as modified on denial of reh'g* (Jan. 26, 2006); *Carpenters Health & Welfare Trust Fund for California v. McCracken*, 100 Cal. Rptr. 2d 473, 474-77 (Cal. Ct. App. 2000). A defendant may only remove a case to federal court in the rare circumstance where a state law claim is "completely preempted" by a specific federal statute – for example, section 301 of the Labor Management Relations Act, section 502 of the Employment Retirement Income Security Act, or sections 85 and 86 of the National Bank Act. *See Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271-73 (2d Cir. 2005). The defendants do not point to any applicable statutory provision that involves complete preemption. To the contrary, the Clean Air Act and the Clean Water Act both contain savings clauses that preserve state causes of action and suggest that Congress did not intend the federal causes of action under those statutes "to be exclusive." 42 U.S.C. §§ 7604(e), 7416; 33 U.S.C. §§ 1365(e), 1370; *Beneficial National Bank v. Anderson*, 539 U.S. 1, 9 n.5 (2003); *Bell v. Cheswick Generating Station*, 734 F.3d 188, 194-97 (3d Cir. 2013). There may be important questions of ordinary preemption, but those are for the state courts to decide upon remand.

3. Nor was removal warranted on the basis of *Grable* jurisdiction. The defendants have not pointed to a specific issue of federal law that must necessarily be resolved to adjudicate the

state law claims. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Instead, the defendants mostly gesture to federal law and federal concerns in a generalized way. The mere potential for foreign policy implications (resulting from the plaintiffs succeeding on their claims at an unknown future date) does not raise the kind of actually disputed, substantial federal issue necessary for *Grable* jurisdiction. Nor does the mere existence of a federal regulatory regime mean that these cases fall under *Grable*. *See Empire Healthchoice*, 547 U.S. at 701 ("[I]t takes more than a federal element 'to open the "arising under" door.'" (quoting *Grable*, 545 U.S. at 313)). Moreover, even if deciding the nuisance claims were to involve a weighing of costs and benefits, and even if the weighing were to implicate the defendants' dual obligations under federal and state law, that would not be enough to invoke *Grable* jurisdiction. On the defendants' theory, many (if not all) state tort claims that involve the balancing of interests and are brought against federally regulated entities would be removable. *Grable* does not sweep so broadly. *See Empire Healthchoice*, 547 U.S. at 701 (describing *Grable* as identifying no more than a "slim category" of removable cases); *Grable*, 545 U.S. at 313-14, 319.

   4. These cases were not removable under any of the specialized statutory removal provisions cited by the defendants. Removal under the Outer Continental Shelf Lands Act was not warranted because even if some of the activities that caused the alleged injuries stemmed from operations on the Outer Continental Shelf, the defendants have not shown that the plaintiffs' causes of action would not have accrued *but for* the defendants' activities on the shelf. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). Nor was federal enclave jurisdiction appropriate, since federal land was not the "locus in which the claim arose." *In re High-Tech Employee Antitrust Litigation*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) (quoting *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975)); *see also Ballard v. Ameron International Corp.*, No. 16-CV-06074-JSC, 2016 WL 6216194, at *3 (N.D. Cal. Oct. 25, 2016); *Klausner v. Lucas Film Entertainment Co, Ltd.*, No. 09-03502 CW, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19,

2010); *Rosseter v. Industrial Light & Magic*, No. C 08-04545 WHA, 2009 WL 210452, at *2 (N.D. Cal. Jan. 27, 2009). Nor was there a reasonable basis for federal officer removal, because the defendants have not shown a "causal nexus" between the work performed under federal direction and the plaintiffs' claims, which are based on a wider range of conduct. *See Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720, 727 (9th Cir. 2015); *see also Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 157 (2007). And bankruptcy removal did not apply because these suits are aimed at protecting the public safety and welfare and brought on behalf of the public. *See City & Cty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1123-24 (9th Cir. 2006); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1108-09 (9th Cir. 2005). To the extent two defendants' bankruptcy plans are relevant, there is no sufficiently close nexus between the plaintiffs' lawsuits and these defendants' plans. *See In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013).

\* \* \*

As the defendants note, these state law claims raise national and perhaps global questions. It may even be that these local actions are federally preempted. But to justify removal from state court to federal court, a defendant must be able to show that the case being removed fits within one of a small handful of small boxes. Because these lawsuits do not fit within any of those boxes, they were properly filed in state court and improperly removed to federal court. Therefore, the motions to remand are granted. The Court will issue a separate order in each case to remand it to the state court that it came from.

At the hearing, the defendants requested a short stay of the remand orders to sort out whether a longer stay pending appeal is warranted. A short stay is appropriate to consider whether the matter should be certified for interlocutory appeal, whether the defendants have the right to appeal based on their dubious assertion of federal officer removal, or whether the remand orders should be stayed pending the appeal of Judge Alsup's ruling. Therefore, the remand orders are stayed until 42 days of this ruling. Within 7 days of this ruling, the parties must submit a stipulated briefing schedule for addressing the propriety of a stay pending appeal. The

parties should assume that any further stay request will be decided on the papers; the Court will schedule a hearing if necessary.

**IT IS SO ORDERED.**

Dated: March 16, 2018

_____

VINCE CHHABRIA
United States District Judge