1  JOHN C. BEIERS (SBN 144282)
   jbeiers@smcgov.org
2  PAUL A. OKADA (SBN 197100)
   pokada@smcgov.org
3  DAVID A. SILBERMAN (SBN 211708)
   dsilberman@smcgov.org
4  ANDREA N. DONAHUE (SBN 323512)
   adonahue@smcgov.org
5  **SAN MATEO COUNTY COUNSEL**
   400 County Center, 6th Floor
6  Redwood City, CA 94063
   Tel: (650) 363-4250
7  Fax: (650) 363-4034

8  *Attorneys for San Mateo County*

9  BRIAN E. WASHINGTON (SBN 146807)
   bwashington@marincounty.org
10 BRIAN C. CASE (SBN 254218)
   bcase@marincounty.org
11 **OFFICE OF THE COUNTY COUNSEL**
   **OF MARIN**
12 3501 Civic Center Drive Suite 275
   San Rafael, CA 94903
13 Tel: (415) 473-6117
   Fax: (415) 473-3796
14

15 *Attorneys for the County of Marin*

16 [Additional Counsel Listed on Signature Page]

17

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

18

19

20 | The COUNTY OF SAN MATEO, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA, | First Filed Case No. 3:17-cv-04929-VC |
|---|---|
| | Related to Case No. 3:17-cv-4934-VC |
| Plaintiff, | Related to Case No. 3:18-cv-0450-VC |
| | Related to Case No. 3:17-cv-4935-VC |
| v. | Related to Case No. 3:18-cv-0458-VC |
| | Related to Case No. 3:18-cv-0732-VC |
| CHEVRON CORP., et al., | |
| | **PLAINTIFFS' RESPONSE TO** |
| Defendants. | **DEFENDANTS' ADMINISTRATIVE** |
| | **MOTION TO CONFIRM STAY OF THE** |
| | **REMAND ORDER OR, IN THE** |
| | **ALTERNATIVE, TO DELAY REMAND** |

28

| | |
|---|---|
| The CITY OF IMPERIAL BEACH, a municipal corporation, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>          v.<br>CHEVRON CORP., et al.,<br><br>          Defendants | Case No. 3:17-cv-4934-VC |
| THE COUNTY OF SANTA CRUZ, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>          v.<br>CHEVRON CORP., et al.,<br><br>          Defendants. | Case No. 3:18-cv-0450-VC |
| THE COUNTY OF MARIN, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>          Plaintiff,<br><br>          v.<br>CHEVRON CORP., et al.,<br><br>          Defendants. | Case No. 3:17-cv-4935-VC |
| THE CITY OF SANTA CRUZ, a municipal corporation, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>          v.<br>CHEVRON CORP., et al.,<br><br>          Defendants. | Case No. 3:18-cv-0458-VC |
| THE CITY OF RICHMOND, a municipal corporation, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff, | Case No. 3:18-cv-0732-VC |

v.

CHEVRON CORP., et al.,

Defendants.

Defendants' Administrative Motion rests on a strained and unreasonable interpretation of the Court's April 9, 2018 order (Dkt No. 240 "Stay Order"), which granted Defendants' motion to stay the Court's remand order pending their appeal to the Ninth Circuit (Dkt. No. 219, "Stay Motion"). The Stay Motion did not request, nor did the Court's Stay Order state, that a stay would remain in effect pending a potential petition for certiorari. Yet now that a Ninth Circuit panel has affirmed this Court's Remand Order and the full Ninth Circuit has denied en banc review, Defendants ask this Court to read this new provision into the order. The Court should deny this request. Not only does the Court lack jurisdiction to stay proceedings pending resolution of a cert petition, but prudentially it makes no sense for this Court to consider a stay until the Ninth Circuit has decided Defendants' concurrently filed motion to stay the mandate. Decl.[1] Ex. 1. Moreover, even if the request were properly before this Court, Defendants' motion must be denied, because they failed to carry their heavy burden under *Nken v. Holder*, 556 U.S. 418 (2009), to establish that a stay pending resolution of their petition for certiorari would be warranted.

**A.     Defendants Neither Sought Nor Obtained a Stay Extending Beyond the Ninth Circuit's Mandate.**

Defendants ask the Court to interpret the Stay Order as encompassing relief they never requested and the Court never granted. Nothing supports Defendants' contention that this Court stayed its remand order pending disposition of a post-appeal petition for writ of certiorari.

Defendants argued in their previous Stay Motion that these cases raised national questions "that should be *decided by the Ninth Circuit* to avoid piecemeal litigation in state and federal court" and that they would be irreparably harmed without a stay because "the proceedings *in the Ninth Circuit* will consume some substantial period of time" during which Defendants would otherwise be forced to litigate in state court. Stay Mot. at 2, 13 (emphasis added). Defendants never asked this Court for a stay to remain in effect *post*-appeal if the Ninth Circuit *affirmed* this Court's ruling that these cases belonged in state court, where they were filed three years ago.

The Stay Order states: "The motions to stay the remand orders in these three cases pending

---

[1] Declaration of Adam M. Shapiro in Support of Plaintiffs' Opposition to Defendants' Administrative Motion ("Decl.").

appeal are granted." Stay Order at 1. It makes no reference to Supreme Court proceedings. The Motion to Stay asserted that, because of the purported strength of Defendants' removal arguments, it would be prejudicial to allow these cases to return to state court before the Ninth Circuit resolved Defendants' appeal. *See* Stay Mot. at 6. The Ninth Circuit has now considered and rejected those arguments (just as the Fourth and the Tenth Circuits recently rejected identical arguments presented by mostly the same defendants in similar litigation).[2] The rationale for the stay disappeared once the Ninth Circuit rejected Defendants' jurisdictional challenges.

**B.     The Court Lacks Jurisdiction to Stay Remand Pending a Petition for Certiorari.**

Defendants seek relief the Court lacks jurisdiction to grant, because only the Ninth Circuit or the Supreme Court can issue a stay in this procedural posture. Motions to stay pending resolution of a petition for writ of certiorari are governed by 28 U.S.C. § 2101(f), which states:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

"The vast majority of cases interpreting this statute hold that only the Court of Appeals or a justice of the United States Supreme Court has jurisdiction to issue a stay pursuant to § 2101(f)." *Lefevre v. Five Star Quality Care, Inc.*, 2018 WL 8786643, at *2 (C.D. Cal. Apr. 18, 2018) (denying stay pending cert). Under § 2101(f), it is simply "not an appropriate function for th[e] [district] court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court." *Studiengesellschaft Kohle v. Novamont Corp.*, 578 F.Supp. 78, 79–80 (S.D.N.Y.1983). As the Court lacks jurisdiction to stay the remand, the Administrative Motion must be denied.

**C.     Granting a Stay Would Violate the Rule of Mandate.**

Defendants concurrently have filed a motion in the Ninth Circuit to stay the mandate, as

---

[2] *See Cty. of San Mateo v. Chevron Corp.*, 960 F.3d 586 (9th Cir. 2020) ("*San Mateo*") (affirming remand); *City of Oakland v. BP PLC*, 960 F.3d 570 (9th Cir. 2020) ("*Oakland*") (vacating order denying motion to remand); *Mayor & City Council of Baltimore v. BP P.L.C.*, 952 F.3d 452 (4th Cir. 2020) ("*Baltimore I*") (affirming remand); *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 965 F.3d 792 (10th Cir. 2020) ("*Boulder*") (same).

they are permitted to do (although that motion lacks merit for many of the reasons set forth in § D). Decl. Ex. 1. In the unlikely event the Ninth Circuit grants the motion, Defendants' Administrative Motion would be moot. And if the Ninth Circuit denies the requested stay, the "rule of mandate" precludes this Court from subsequently granting that requested relief.

The rule of mandate "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). "Consistent with the rule of mandate, [a district court has] no authority to issue a stay . . . pending resolution of a party's certiorari petition where . . . the party has already unsuccessfully sought a stay of the circuit court's mandate on the same ground." *United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005).

Here, Defendants' Administrative Motion and motion to stay the mandate seek identical relief—stay of the issuance of remand—for the same reasons. If the Ninth Circuit denies the requested stay, as it should, this Court lacks authority to countermand that order by issuing its own stay. At that point, Defendants' only recourse is a further request for stay in the Supreme Court.

**D.     The Circumstances Do Not Warrant a Further Stay of Proceedings Pending Resolution of Defendants' Petition for Certiorari.**

Defendants' Administrative Motion fails on its merits as well. The Supreme Court, circuit courts, and district courts across the country have rejected motions to stay remand orders pending appeal in each of the substantially similar climate impact cases.[3] This case is no different. Where a party moves for a stay pending appeal, a court must consider the following factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken*, 556 U.S. at 426. Each of these factors weighs powerfully against a stay.

---

[3] *BP P.L.C. v. Mayor and City Council of Baltimore*, 140 S.Ct. 449 (Oct. 22, 2019); *Bd. of Cty. Commissioners of Boulder County v. Suncor Energy, Inc.*, 10th Cir. Case No. 19-1330, Doc. No. 10687694 (Oct. 17, 2019) (Decl. Ex. 2); *Mayor and City Council of Baltimore v. BP P.L.C.,* 4th Cir. Case No. 19-1644, Dkt No. 116 (Oct. 1, 2019) (Decl. Ex. 3); *State of Rhode Island v. Shell Oil Products Company*, LLC, 1st Cir, Case No. 19-1818, Doc No. 00117499123 (Oct. 7, 2019) (Decl. Ex. 4); *Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy* (U.S.A.) Inc., 423 F. Supp. 3d 1066 (D. Colo. 2019); *Mayor & City Council of Baltimore v. BP P.L.C.*, 2019 WL 3464667 (D. Md. July 31, 2019) (*Baltimore* II).

1.     **Defendants cannot make a strong showing they will succeed on the merits of their petition for certiorari**

Defendants' petition for certiorari will challenge the Ninth Circuit's ruling that, under 28 U.S.C. § 1447(d), only the issue of federal-officer removal was subject to appellate review.[4] That challenge is unlikely to succeed. The Ninth Circuit's construction of that statute was consistent with the nearly "unanimous judicial interpretation of § 1447(d)." *San Mateo*, 960 F.3d at 597. Moreover, less than one year ago, the Supreme Court denied certiorari in a case raising the identical issue. *Rheinstein v. Att'y Grievance Comm'n of Md.*, 140 S. Ct. 226 (2019) (mem.). The only difference between last Term and now is that three more published appellate decisions have reaffirmed the prevailing view of § 1447(d). *See San Mateo*, 960 F.3d at 597; *Baltimore I*, 952 F.3d at 459; *Boulder*, 965 F.3d at 819. Even if the Ninth Circuit had authority to consider the other grounds for removal asserted by Defendants and rejected by this Court, it would certainly agree with this Court's analysis. After all, with the exception of a decision by Judge Alsup, which the Ninth Circuit reversed (and chose not to rehear en banc), *City of Oakland v. BP PLC*, 960 F.3d 570 (9th Cir. 2020), *reh. denied* Aug. 12, 2020, *every* court to have considered Defendants' removal arguments has rejected them.[5]

2.     **Proceeding in State Court Will Not Cause Defendants Any Irreparable Harm**

No stay may issue without a finding that the threatened harm to the moving party is truly "irreparable" and is at least probable. *See Nken*, 556 U.S. at 430, 434–35. "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). Where, as here, a case is in its early stages, "the risk of harm to [Defendants] if discovery proceeds is low." *DKS, Inc. v. Corp. Bus. Sols., Inc.*,

---

[4] This is the issue raised by many of the same defendants in the pending, fully briefed petition for certiorari in *Baltimore. BP P.L.C., et al. v. Baltimore*, S. Ct. No. 19-1189.

[5] *See Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538 (D. Md. 2019) (granting motion to remand), as amended (June 20, 2019), aff'd in part, appeal dismissed in part, 952 F.3d 452 (4th Cir. 2020); *Cty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 937 (N.D. Cal. 2018) (same), aff'd in part, appeal dismissed in part, 960 F.3d 586 (9th Cir. 2020); *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 405 F. Supp. 3d 947 (D. Colo. 2019) (same), aff'd in part, appeal dismissed in part, 965 F.3d 792 (10th Cir. 2020); *Rhode Island v. Chevron Corp.*, 393 F. Supp. 3d 142 (D.R.I. 2019) (same), appeal docketed, No. 19-1818 (1st Cir. Aug. 20, 2019).

No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281, at *2 (E.D. Cal. Nov. 10, 2015) (denying motion to stay pending appeal). Even "if the case proceeds in state court but then ultimately returns to federal court, the interim proceedings in state court may well help advance the resolution of the case." *Broadway Grill, Inc. v. Visa Inc.*, No. 16-CV-04040-PJH, 2016 WL 6069234 at *2 (N.D. Cal. Oct. 17, 2016). In the unlikely event the remand order is reversed by the Supreme Court, the state court proceedings would be suspended, the cases would return to the federal court, and discovery and other pre-trial proceedings would presumably pick up where they left off in state court. Regardless of the outcome of any appeal, Defendants will still be required to respond to the same discovery. In the meantime, proceeding in state court while the appeal is pending "may well advance the resolution of the case. After all, the parties will have to proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum." *Baltimore II*, 2019 WL 3464667, at *6 (order denying stay pending appeal).

        **3.**      **The Balance of Harms Favors Plaintiffs, and a Stay is Not in the Public Interest**

A stay would prevent Plaintiffs from seeking prompt redress of their claims. This favors denial of Defendants' Motion, "particularly given the seriousness of the [Plaintiffs'] allegations and the amount of damages at stake." *Id.* at *6. Proceedings have already been delayed by almost three years since the Plaintiffs filed their complaints. On that basis alone, the public interest and balance of equities weigh against Defendants' continued interference with the Plaintiffs' exercise of their right to proceed in state court.[6] These cases have been ordered back to state courts where they belong, and no further delay in these proceedings should be countenanced.

* * *

Plaintiffs respectfully request that the Court deny Defendants' Administrative Motion.

---

[6] *See Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083, 1087 (D. Haw. 1998) (refusing to stay remand order pending appeal because, in part, "the public interest at stake in this case is the interference with state court proceedings").

August 14, 2020                              Respectfully submitted,

**OFFICE OF THE COUNTY COUNSEL**          **OFFICE OF THE COUNTY COUNSEL**
**COUNTY OF SAN MATEO**                   **OF MARIN**


By: */s/ John C. Beiers*                  By: */s/ Brian E. Washington*
JOHN C. BEIERS, County Counsel            BRIAN E. WASHINGTON
PAUL A. OKADA, Chief Deputy               BRIAN C. CASE
DAVID A. SILBERMAN, Chief Deputy
ANDREA N. DONAHUE, Deputy


**McDOUGAL, LOVE, BOEHMER,**              **SANTA CRUZ OFFICE OF THE**
**FOLEY, LYON & CANLAS**                  **COUNTY COUNSEL**


By: */s/ Jennifer Lyon*                   By: */s/ Dana M. McRae*
JENNIFER LYON                             DANA M. McRAE, County Counsel
STEVEN E. BOEHMER                         JORDAN SHEINBAUM, Deputy County
City Attorney for City of Imperial Beach  Counsel


**CITY ATTORNEY FOR CITY OF**            **CITY ATTORNEY FOR CITY OF**
**SANTA CRUZ**                           **RICHMOND**


By: */s/ Anthony P. Condotti*             By: */s/ Rachel H. Sommovilla*
ANTHONY P. CONDOTTI,                      RACHEL H. SOMMOVILLA,
City Attorney                             Interim City Attorney


**SHER EDLING LLP**



By: */s/ Victor M. Sher*
VICTOR M. SHER
MATTHEW K. EDLING
MARTIN D. QUIÑONES
ADAM M. SHAPIRO


*Attorneys for Plaintiffs*